WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baron D McCoy, et al., | No. CV-13-00222-TUC-BPV |
| Plaintiffs, | **ORDER** |
| v. | |
| Clarence H Carter; Mary Templin; Leticia Zuniga; Mary Carpenter, | |
| Defendants. | |

Pending before the Court is the Defendants' motion to dismiss for failure to state a claim (Doc. 7). Plaintiffs filed a response (Doc. 9) and a supplement (Doc. 12) and Defendants have filed a reply (Doc. 11).

In accordance with provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 14).

For reasons which follow, the Magistrate Judge orders that Defendants' motion to dismiss be granted with prejudice.

//

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Baron D. McCoy ("Mr. McCoy) and Mary L. McCoy ("Ms. McCoy"), allege claims under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of their First and Fourteenth Amendment rights and federal criminal statutes 18 U.S.C. §§ 1201, 1623;   in addition to related claims brought under 42 U.S.C. § 1981 and state law claims, as a result of incidents arising during a dependency and custody proceedings in state court involving A.M.H., Mr. McCoy's daughter and Ms. McCoy's granddaughter, that occurred following the March 21, 2012 arrest of Mr. McCoy. Plaintiffs seek injunctive and declaratory relief, as well as compensatory and punitive damages and a criminal investigation of Defendants.

Defendants move to dismiss Plaintiffs' claims as moot, and as barred pursuant to the *Rooker-Feldman* doctrine.

## II.    MOTION TO DISMISS

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). Nor must the court accept unreasonable inferences or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (*per curiam*)); *Haines v. Kerner*, 404 U.S. 519, (1972). Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cook, Perkiss & Liehe, Inc., v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*per curium*).

Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, *250 F.3d 668*, 688 (9th Cir. 2001), *impliedly overruled on other grounds as discussed in Gallardo v. DiCarlo*, 203 F.Supp.2d 1160, 1162 n.2 (C.D. Cal. 2002), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* A court may disregard allegations of the complaint that are contradicted by attached exhibits. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations contradicted by

judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (*abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

**III.    Discussion**

Defendants argue that Plaintiffs' claims are moot because the dependency action in Pima County Juvenile Court was terminated with the child in the custody of the mother and maternal grandmother pending adjudication of the mother's Petition to Modify Child Custody in Pima County Superior Court case number SP-20110036. On April 22, 2013, Plaintiff entered into a Mediation Agreement with the mother in Pima County Court case number SP- 20110036. *See* Motion to Dismiss, (Doc. 7), Ex. 9. Additionally, Defendants argue that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

    *A.    Mootness*

Defendants argue that because the contested dependency matter was vacated on April 8, 2013, after Mr. McCoy entered into a mediation agreement with the mother on April 1, 2013, (*see* Motion to Dismiss, Doc. 7, Exs. 8, 9), there is no actual claim or controversy for the Court to decide and therefore Plaintiffs' claims are moot. An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *Arizonans for Official English*, 520 U.S. 43, 67 (1997)(quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001). When the action sought to be enjoined already has occurred, an appeal

from the denial or the discontinuance of injunctive relief becomes constitutionally moot. *See, e.g., Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012); *In Defense of Animals v. Dep't of Interior*, 648 F.3d 1012, 1013 (9th Cir. 2011); *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963–64 (9th Cir. 2007); *Seven Words LLC*, 260 F.3d at 1095; *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978).

To the extent Plaintiffs' Complaint seeks relief in the form of a "preliminary and permanent injunction ordering defendants … to stop proceeding with the dependency action until this court determines whether plaintiff's rights have been violated", *see* Complaint, (Doc. 1), ¶ 52, these claims are moot because the action that the Plaintiffs seek to enjoin has been vacated based on the mediation agreement. Additionally, to the extent Plaintiffs seek a review of the report and petition submitted in conjunction with the dependency action, and request a "preliminary and permanent injunction ordering defendants to review the entire report and petition and all documents in regard to plaintiffs and correct all that cannot be substantiated", *see id.*, ¶ 53, the Court also finds these claims moot because the dependency action has been vacated. The "parties no longer have a legally cognizable interest" in the vacated dependency proceeding. *See Animal Legal Defense Fund v. Shalala*, 53 F.3d 363, 366 (D.C. Cir. 1995).

B.    *Rooker-Feldman*

Defendants argue that Plaintiffs claims are also barred by the *Rooker-Feldman* doctrine. This Court is barred by the *Rooker-Feldman* doctrine from reviewing the merits of certain state court decisions. The essence of the *Rooker-Feldman* doctrine is that "a

United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This is true even if the challenge to a state court decision involves federal constitutional issues. *Feldman*, 460 U.S. at 484-86; *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).

"The purpose of the doctrine is to protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). The *Rooker–Feldman* doctrine applies where a party is: "[1] assert[ing] as her injury legal error or errors by the state court and [2] seek[ing] as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (emphasis in original).

"To determine whether the *Rooker–Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (citing *Noel*, 341 F.3d at 1158). If a plaintiff is "bring[ing] a forbidden *de facto* appeal" such that the *Rooker–Feldman* doctrine applies, the doctrine will not only prohibit the Plaintiff from litigating the *de facto* appeal, but also any issue that is "inextricably intertwined" with the state court's judgment. *Cooper v. Ramos*, 704 F.3d 772, 778–79 (9th Cir. 2012).

Accordingly, the Court must first determine if Plaintiffs are bringing a forbidden, *de facto* appeal of the state court's judgment. The Ninth Circuit has provided some guidance in making this determination:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Noel*, 341 F.3d at 1164.

*Rooker-Feldman* does not bar a plaintiff's independent claims, even if the subject matter underlying those claims has already been litigated in state court. *Exxon-Mobil Corp. v. Saudi Basic Indus. Co.*, 544 U.S. 280, 293 (2005). "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which  he was a party . . . , then there is jurisdiction and state law determines whether defendant prevails under principles of preclusion.'" *Id*. In *Bianchi*, the Ninth Circuit stated that whether the federal plaintiffs' claims are independent is determined by looking to the relief the plaintiff seeks. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003). If the relief sought would necessarily undo a state-court judgment, then the claim is not independent and *Rooker-Feldma*n applies. *Id*.

Plaintiffs contend that they are not attempting to appeal any state court decision or judgment, rather, this is a civil action challenging the actions of state employees, which gave rise to the dependency matter which was the "fruit of the poisonous tree." Response, (Doc. 9,) at 2. Defendants counter that Plaintiffs' complaint attacks the state-court proceedings and that in the state-court proceedings the actions of the employees were reviewed repeatedly by the state court, which found that reasonable efforts had been

made by them, and Plaintiffs now ask this Court to order the State "to review the entire report and petition and all documents in regard to plaintiffs and correct all that cannot be substantiated." Reply (Doc. 11), at 2 (citing Complaint ¶ 53).

Plaintiff is mistaken in arguing that this is not an appeal of any court decision or judgment. While at first glance, several of Plaintiffs' claims appear to be independent allegations by an adverse party, a review of the documents attached to Plaintiffs' Complaint demonstrates that many of these claims were raised in the state-court proceedings below[1] (*see* Petition for Temporary Injunction (Doc. 1) attachment, dated December 5, 2012), and were resolved by the state-court when it considered the Petition and found, following a Preliminary Protective Hearing, that the Child Protective Services Division of the Arizona Department of Economic Security had made reasonable efforts to prevent the removal of the child and to reunify the family by providing in-home services. *See* Motion to Dismiss, Ex.7. A finding in Plaintiffs' favor would require a determination that the state court wrongly decided the issues before it. Plaintiffs themselves describe the dependency hearing as the "fruit of a poisonous tree." (Response, at 2.) A federal suit

_____

[1] Mr. McCoy's Petition for Temporary Injunction Enjoining the Return of [A.M.H.] pending Trail [sic]", dated December 5, 2012, and alleged to have been filed under case SP2011036 by Mr. McCoy, included the claims that 1) a report to CPS that the child was abused and neglected, which "was backed by Mary Carpenter" was found to be unsubstantiated; 2) after the case was closed, Mary Carpenter scheduled a meeting to remove the child from the care of the paternal grandmother, a decision Mr. McCoy claimed was improper and would interfere with the judicial proceeding; 3) as a result of Mr. McCoy's claim, Mary Carpenter ordered child's daycare not to allow the paternal grandmother to pick the child up, without documentation or notification to Plaintiffs; 4) the actions by Mary Carpenter deprived Mr. McCoy of his visitation, communication and custodial parental rights and due process rights; 5) and Defendants Mary Carpenter and Julie Julson abducted the child. *See* Complaint (Doc. 1), Ex. H. At the preliminary protective hearing held on December 12, 2012, the court consolidated case SP20110036, the mother's Petition to Modify Child Custody in Pima County Superior Court, with the dependency action in Superior Court Case J197455. Motion to Dismiss (Doc. 7), Ex. 7, at 3.

brought by a state-court defendant containing allegations that were or could have been raised in the original state court suit is a *de facto* appeal, and precisely what *Rooker-Feldman* prohibits. *See Exxon-Mobil*, 544 U.S. at 284 (*Rooker- Feldman* prohibits suits by those "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Even if Plaintiffs are not explicitly seeking to challenge the removal and dependency actions in state court, Defendants are correct in stating that the relief Plaintiffs request constitutes a *de facto* appeal. Plaintiffs ask that the Court order Defendants to stop proceeding with the dependency action until this Court determines whether Plaintiffs' rights have been violated, and to order Defendants to review the entire report and petition and all documents in regard to Plaintiffs and correct all that cannot be substantiated. If the Court were to grant the relief Plaintiff seeks, it would necessarily involve overturning the state-court order entered in the dependency proceeding. The *Rooker-Feldman* doctrine forbids federal courts from taking such action. Similarly, granting the declaratory judgment that Plaintiff requests would result in this Court undermining the state-court order in the dependency hearing. Plaintiffs ask this Court to declare that the acts and omissions of Defendants violated Plaintiffs' rights under the United States Constitution. Complaint (Doc. 1), ¶ 51. Such a declaration would necessarily involve this Court finding the state-court order and judgment invalid. The proper avenue for Plaintiffs' appeal of a state-court judgment lies in the state-court system. Thus, *Rooker-Feldman* applies to Plaintiff's requests for injunctive and declaratory relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Having established that the essence of Plaintiffs' claims are "at least in part a forbidden *de facto* appeal of a state court judgment," the Court considers next whether any additional claims are " 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden *de facto* appeal is taken." *Noel*, 341 F.3d at 1165. A claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," *i.e.* "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." *Cooper*, 704 F.3d at 779 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)); *see also Bianchi*, 334 F.3d at 898 (providing that claims are " 'inextricably intertwined' with the state court's decision" if "the adjudication of ... [such] claims would undercut the state ruling"). Plaintiffs' interest in the issue (and therefore standing to assert their claims), including their claims for damages, is directly derived from, and inextricably intertwined with, the dependency adjudication. Notwithstanding Plaintiffs' characterization, these claims are a *de facto* challenge to the dependency proceedings and the state court's orders. This is a collateral attack on state court judgments, which is prohibited by the *Rooker-Feldman* doctrine. Defendants' motion to dismiss is granted on this basis. *See e.g. Cooper,* 704 F.3d 772 (finding that allegation that defendants conspired to deny plaintiff rights, and tampered with and falsified evidence in doing so is "inextricably intertwined" with the state court's order, and precisely the type of horizontal review of state court decisions that *Rooker-Feldman* bars because the claim "succeeds only to the extent that the state court wrongly decided the issues before it.")

1

C.      *Younger Abstention*

2

3       A federal district court is a court of limited jurisdiction, and the burden of

4  establishing jurisdiction is on the party claiming jurisdiction. *McNutt v. General Motors*

5  *Acceptance Corp.*, 298 U.S. 178, 182–183 (1936). "A federal court is presumed to lack

6  jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring*

7  *Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992) (quoting *Stock West, Inc.*

8  *v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "A [district] court has an

9  obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no

10 further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665

11 (9th Cir. 2003).

12

13      "Absent extraordinary circumstances, *Younger* abstention is required if the state

14 proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the

15 plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. San*

16 *Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) (citing *Hirsh v. Justices of the Supreme*

17 *Court*, 67 F.3d 708, 712 (9th Cir. 1995)). When these criteria are met, "a district court

18 must dismiss the federal action ... [and] there is no discretion to grant injunctive relief."

19 *Juidice v. Vail*, 430 U.S. 327, 337 (1977).

20

21      The Supreme Court and the Ninth Circuit have specifically held that claims related

22 to ongoing juvenile proceedings in state court are properly dismissed in federal court

23 pursuant to the *Younger* abstention doctrine. *Moore v. Sims*, 442 U.S. 415, (1979)

24 (*Younger* abstention appropriate in context of state child removal proceedings due to

25 allegations of child abuse); *Safouane v. Fleck*, 226 Fed. Appx. 753, 758–59 (9th Cir.

26

27

28

2007) ("There does not seem to be a genuine dispute between the parties that at the time this action was filed, proceedings regarding two of the minor children were pending in the state court ... or that the Safouanes had the opportunity to raise their claims in those proceedings. The claims seeking injunctive or declaratory relief related to those proceedings were subject to dismissal pursuant to *Younger* abstention.").

Though Mr. McCoy entered a mediation agreement in the custody proceeding, there is no indication before this court that the custody proceeding has been fully resolved and is no longer an ongoing and active case. Plaintiff seeks injunctive relief that, if granted, would substantially interfere in the State's proceedings.

In *Koppel*, a case involving a child custody dispute between the mother and father in Los Angeles County Superior Court, after the superior court judge assigned to the case issued rulings that transferred custody to the father, the mother filed an action in federal court seeking, among other things, the reversal of the superior court judge's rulings. *H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 611-12 (9th Cir. 2000). Applying the *Younger* abstention doctrine, the Ninth Circuit court found that the matter was ongoing, that family relations are traditionally state matters that implicate important state interests, and that the plaintiff had an adequate opportunity to litigate her federal claims in the state court. *Id*. at 613. The court concluded that "[t]his is precisely the type of matter suited to Younger abstention." *Id*. at 613.

Likewise, this Court finds that this matter is clearly suited to *Younger* abstention. Like the plaintiff in *Koppel*, Plaintiff here seeks "wholesale federal intervention into an ongoing state domestic dispute." *Koppel*, 203 F.3d at 613. Thus, to the extent that the

custody dispute in the Arizona state court is ongoing, this case must be dismissed pursuant to *Younger*.

        **D.**      *Kidnapping and Perjury*

Plaintiffs allege violations of 18 U.S.C. §§1201 and 1623. Generally, in order to seek redress under § 1983, there must be a private right of action to enforce the underlying federal statute. *See Keaukaha-Panaewa Comm. v. Hawaiian Homes*, 739 F.2d 1467, 1470-71 (9th Cir.1984); *see also Blessing v. Freestone*, 520 U.S. 329, 340-341 (1997)("In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal right, not merely a violation of federal law.")(citation omitted). The federal kidnapping and perjury statutes do not provide a private right of action. *See* 18 U.S.C. §§ 1201, 1623; *cf. Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994) (dismissing claims brought under federal criminal statute because it did not provide private cause of action). Thus, Plaintiffs cannot raise a § 1983 based on violations of the federal criminal statute.

        **E.**      *Criminal investigation*

Plaintiffs request this Court to order a "criminal investigation and criminal charges filed upon finding any criminal laws breached by each defendant." Complaint, ¶ 58. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Moreover, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *See also, Flast*, 392 U.S. at 94-95. It is beyond the

purview of this Court to order a criminal investigation and the filing of criminal charges.

**IV.    CONCLUSION**

The Court finds that Plaintiffs' claim requesting injunctive relief regarding the juvenile dependency action is moot, and properly dismissed form this complaint. The Court further finds that, because Plaintiffs' request for declaratory and injunctive relief are in the nature of a *de facto* appeal from state court, the *Rooker-Feldman* doctrine precludes the court from exercising jurisdiction over the instant action. Additionally, to the extent Plaintiffs request injunctive and declaratory relief that would interfere in the active custody case, the matter is properly dismissed pursuant to *Younger*.

The Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id*. at 1129 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Plaintiffs cannot possibly cure the deficiencies in his Complaint. The claims related to the state-court judgments are barred by *Rooker-Feldman* and to the extent they involve an ongoing case in the state domestic courts, the claims are subject to *Younger* absention. Thus, the Court does not have jurisdiction to hear such claims, and there is no amendment Plaintiffs could make that would overcome this Court's lack of subject matter jurisdiction.

////

Accordingly,

IT IS ORDERED Defendants motion to dismiss (Doc. 7) is GRANTED with prejudice.

Dated this 23rd day of December, 2013.

_____

Bernardo P. Velasco
United States Magistrate Judge

- 15 -